UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re

JESSICA P. SAM
HA TO HA

Debtor(s)

Case No. 13-32107-elp7

NOTICE OF HEARING ON MOTION FOR RELIEF FROM **DEBTOR'S** AUTOMATIC STAY IN A **CHAPTER 7/13** CASE, AND/OR **CODEBTOR'S** STAY IN A **CHAPTER 13** CASE

US BANKRUPTCY COURT
DISTRICT OF [OREGON]
2013 MAY -6 PM 3:01
LODGED____REC'D____
PAID____DOCKETED____

The attached Response, filed for the respondent, JESSICA P. SAM HA TO HA, who is the (debtor, trustee, etc.) Debtor, is in response to the Motion for Relief from Stay filed on behalf of (moving party) Deutsche Bank National Trust Company.

The name and service address of the respondent's attorney (or respondent, if no attorney) are: Robinson Tait 710 Second Ave., Suite 710, Seattle, WA 98104.

(If debtor is respondent) The debtor's address and Taxpayer ID#(s) (last 4 digits) are: 3566, 9579

**NOTICE IS GIVEN THAT:**

1. A "**MEET-ME**" style **TELEPHONE HEARING** on the motion will be **HELD AT** 1:30 pm **ON** 5/14/2013. **NO TESTIMONY** will be taken at the hearing.

2. **NO LATER THAN THE HEARING TIME SHOWN ABOVE**, **ALL** parties are **REQUIRED** TO CALL IN **AND CONNECT** to the "MEET-ME" telephone hearing line at **503-326-6337**. When connected, **ENTER** the 3-digit *ID No.* **"777"** *followed by* the "**#**" key. [NOTES: (a) Do NOT call more than 5 minutes before this hearing, AND (b) If you have problems connecting, call the court at 503-326-1510 for a PORTLAND office case OR 541-431-4005 for a EUGENE office case.]

3. Participants **MUST COMPLY WITH EACH REQUIREMENT** listed below:

   a. **YOU MUST, NO LATER THAN the time set above, EITHER call the "MEET-ME" line using the instructions above for THIS hearing date,** or personally appear in the judge's courtroom. The court will **NOT** call the parties.

   b. **DO NOT USE** a SPEAKER PHONE, CELL PHONE **OR** HEADSET! You may be asked to call from another telephone if your phone causes static or has excessive background noise, etc., or the signal is weak or drops.

   c. You must take all necessary steps to ELIMINATE BACKGROUND NOISE, such as shutting the door, turning off music, not putting the court on hold if it will result in music or other noise, not talking to third parties, using a "Do Not Disturb" button so the telephone/intercom will not ring, positioning the telephone to minimize paper rustling, and keeping all nonparticipants in the room quiet.

   d. DO NOT introduce yourself until the court calls your specific hearing. Simply stay on the line, even if there is only silence, until the judge appears, and then continue to listen quietly until your hearing is called.

   e. Whenever speaking, you must first identify yourself.

   f. DO NOT be late. The judge will handle late calls the same as (s)he would a late appearance in court. If the case has already been called, the judge will likely decline to revisit any decision that was made when the case was called. Failure of the movant/plaintiff to appear at the scheduled time may result in denial of the relief requested, and failure of the respondent/defendant may result in the court granting the relief requested.

_____
Signature

I certify that: (1) the RESPONSE WAS PREPARED USING a copy of the ORIGINAL Motion; (2) if the Response was electronically filed, the RESPONSE WAS PREPARED USING the "FILLABLE" PDF version of the ORIGINAL Motion unless the Motion was BOTH filed on paper AND it could NOT be otherwise electronically obtained from the movant; **AND** (3) that on 5/6/13 copies of BOTH: (a) this Notice, AND (b) the Response were served on the moving party's attorney (or moving party, if no attorney) at the address shown in the Notice of Motion, Trustee, and U.S. Trustee.

_____
Signature & Relation to Respondent

721 (12/1/09)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No. __13-32107-elp7__
)
**JESSICA P SAM and** ) (CHECK ALL APPLICABLE BOXES)
**HA TO HA** ) ☒ Ch. 7/13 Motion for Relief from
) ☒ DEBTOR ☐ Chapter **13** CODEBTOR Stay
) Filed by Creditor:
) **DEUTSCHE BANK NATIONAL TRUST \***
) ☒ Response to Stay Motion filed by Respondent:
Debtor(s) ) *JESSICA P. SAM  HA·TO·HA*

1. **Debt, Default, Other Encumbrances, Description and Value of Collateral** *(To be completed by creditor)*

   a. Description of collateral (car model, year, VIN, property address):
   8230 SE Yamhill Street, Portland, OR 97216

   *COMPANY in its capacity as indenture trustee for the Noteholders of AAMES MORTGAGE INVESTMENT TRUST 2005-2, a Delaware statutory trust. 2006-1 and its successors and assigns
   b. Amount of debt: $__258,220.49__ consisting of principal: $__195,058.93__; interest: $__37,286.16__; other:
   Late Charges $2,570.18; Escrow Shortage $6,396.03; Other Fees $16,909.19

   **This amount does not contain attorney's fees and costs.**
   c. Description, amount and priority of other encumbrances on collateral. If not known, include applicable information from debtor's schedules if available on PACER:



   Total debt secured by collateral (total 1.b. + 1.c.): $__258,220.49__.

   d. Value of collateral: $__155,000.00__.
   Equity in collateral: $__-115,620.49__, after deducting $__12,400.00__ liquidation costs.

   e. Current monthly payment: $__1,887.24__.

   f. If Chapter 13:

   (1) $_____ postpetition default consisting of (e.g., $____ payments, $____ late charges, $____ fees):

   (2) $_____ prepetition default consisting of ☐ amounts specified in proof of claim, or, ☐ consisting of:

   g. If Chapter 7, total amount of default $__51,180.45__.

*RESPONSE (Identify specific items disputed and specify what you contend are the pertinent facts including why there is a postpetition default, if applicable) (to be completed by respondent):*

*See attached respond.*

2. **Relief from stay should be granted because (check all that apply):** *(To be completed by creditor)*
   - [x] Lack of adequate protection because of failure to make sufficient adequate protection payments and lack of a sufficient equity cushion.
   - [ ] Lack of insurance on collateral.
   - [x] No equity in the collateral and the property is not necessary for an effective reorganization.
   - [ ] Failure of debtor to make Chapter 13 plan payments.
   - [ ] Failure of debtor to make payments to secured creditor required by ¶4 of Chapter 13 plan.
   - [ ] Other (describe):

*RESPONSE (Specify why relief from stay should be denied. If respondent proposes to cure a postpetition default, detail the cure by attaching a proposed order using Local Form (LBF) #720.90 available at www.orb.uscourts.gov under Rules & Forms/Local Bankruptcy Forms (LBF)) (to be completed by respondent):*

*See attached respond.*

3. **Background** *(To be completed by creditor)*

   a. Date petition filed: __04/08/13__   Current Chapter: __7__ (7 or 13)
      If 13, current plan date _____   Confirmed: ☐Yes ☐No
      If 13, treatment of creditor's prepetition claim(s) in plan:

      If 7, debtor ☐has ☒has not stated on Local Form (LBF) #521 or #521.05 that debtor intends to surrender the collateral.

   b. Creditor has a lien on the collateral by virtue of (check all applicable sections and also see ¶6 below):
      - [x] Security agreement, trust deed or land sale contract dated __04/18/05__, and, if applicable, an assignment of said interest to creditor. The security interest was perfected as required by applicable law on __04/27/05__.
      - [ ] Retail installment contract dated _____, and, if applicable, an assignment of said interest to creditor. The security interest was perfected on the certificate of title on _____.
      - [ ] Other (describe):

*See attached respond.*

*RESPONSE (Identify any disputed items and specify the pertinent facts) (to be completed by respondent):*

4. **Request for Relief from Codebtor Stay** (Only Chapter 13)

   a. _____, whose address is _____
      _____, is a codebtor on the obligation described above, but is not a debtor in this bankruptcy.

   b. Creditor should be granted relief from the codebtor stay because (check all applicable boxes):  ☐codebtor received the consideration for the claim held by creditor, ☐debtor's plan does not propose to pay creditor's claim in full, ☐creditor's interest would be irreparably harmed by continuation of the codebtor stay as a result of the default(s) described above and/or ☐because:

**RESPONSE** *(Identify any disputed items and specify the pertinent facts) (to be completed by respondent):*

5. **Other Pertinent Information** *(To be completed by creditor, if applicable):*
Debtor has filed two other bankruptcy cases in the last year in an effort to delay or defraud Creditor. Please see case number 12-38965-rld13 and 12-30053-tmb13.

**RESPONSE** *(Identify any disputed items and specify the pertinent facts) (to be completed by respondent):*

*See attached respond.*

6. **Relief Requested (check all applicable sections):** *(To be completed by creditor)*

   ☒ Creditor requests relief from the automatic stay to allow it to foreclose its lien on the above identified collateral, and, if necessary, to take appropriate action to obtain possession of the collateral.

   ☒ Creditor has a security interest in real property and requests relief from stay with respect to an act against such property and that the relief be binding in any other bankruptcy case purporting to affect such real property filed not later than 2 years after the date of the entry of an order granting this motion. *(If you check this box, you must complete ¶5 above to support this request. If you do not do so, the Court will not grant relief binding in any other bankruptcy case.)*

   ☐ Creditor requests that the 14-day stay provided by FRBP 4001(a)(3) be waived based on the following cause:

   ☐ Other (describe and explain cause):

**RESPONSE** *(Identify any disputed items and specify the pertinent facts. If respondent agrees to some relief, attach a proposed order using Local Form (LBF) #720.90 available at www.orb.uscourts.gov under Rules & Forms/Local Bankruptcy Forms (LBF)) (to be completed by respondent):*

*See attached respond.*

720.80 (12/1/11)        Page 3 of 4

7. **Documents:**

   **If creditor claims to be secured in ¶3.b. above** creditor has attached to and filed with this motion a copy of the documents creating and perfecting the security interest, if not previously attached to a proof of claim.

   **RESPONDENT requests creditor provide** Respondent with the following document(s), if any marked, which are pertinent to this response:
   ☐ Postpetition payment history.
   ☐ Documents establishing that creditor owns the debt described in ¶1 or is otherwise a proper party to bring this motion.
   ☐ Other document(s) (specific description):

   CREDITOR/ATTORNEY

   Signature: /s/ Lisa McMahon-Myhran
   Name: Lisa McMahon-Myhran
   Address: 710 Second Ave., Suite 710
             Seattle, WA  98104
   Email Address: lmcmahon@robinsontait.com
   Phone No: 206-654-5529
   OSB#: 000849

   RESPONDENT **DEBTOR**/ATTORNEY *(by signing, the respondent also certifies that [s]he has not altered the information completed by creditor)*

   Signature: [signature]
   Name: JESSICA P. SAM  #A TO #A
   Address: 8230 SE Yamhill ST.
             Portland OR 97216
   Email Address: Jessicasam55@msn.com
   Phone No: 503-961-5586
   OSB#:

   RESPONDENT **CODEBTOR**/ATTORNEY *(by signing, the respondent also certifies that [s]he has not altered the information completed by creditor)*

   Signature:
   Name:
   Address:

   Email Address:
   Phone No:
   OSB#:

*YOU ARE HEREBY NOTIFIED THAT THE CREDITOR IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.*

720.80 (12/1/11)        Page 4 of 4

In respond to "MOTION FOR RELIEF FROM AUTOMATIC STAY" in Chapter 7 case # 13-32107-elp7.

In answering paragraph 1, debtors deny the alleged amount or the validity of the debt entered by DEUTSCHE BANK NATIONAL TRUST COMPANY (DBNT) in paragraph 1, due to DBNT did not loan any money to debtors and never had any actual interest in the mortgage. The Deed of Trust was not given for the benefit of DBNT and DNBT has never been named the beneficiary to the trust.

In answering paragraph 2, Debtors deny the allegation and object to "Relief from Stay" due to DBNT is not the true party of interest to collect payments. DBNT is not and has never been the beneficiary to the trust, therefore, DBNT is not entitled to receive payments and not authorized to question the equity in the collateral.

In answering paragraph 3, debtors deny the allegation that DBNT has any security agreement between itself and the debtor, debtors deny the allegation that DBNT has the proper recorded loan assignment naming them on the deed of trust on 4/27/05, or land sale contract dated 4/18/05 to authorize them as "secured creditor" to have any saying or lifting debtors (home owners) automatic stay. DBNT has no right or authority to challenge whether or not the debtors have not stated on Local Form (LBF) #521 or #521.05 for intends to surrender the collateral.

In answering paragraph 5, debtors had filed 2 bankruptcies in order to prevent the wrongful foreclosures that the allege creditor (DBNT) have maliciously conducted through their appointed trustee RTSC for foreclosure non-judicially. 12-30053-tmb13 was filed on 1/5/2012 and 12-38965-rld13 was filed on 12/6/2012 to prevent fraudulent/wrongful foreclosure. There were many correspondences sent by the debtors for verification, validation of the debt and even notices of violation of Oregon Law and Federal Statute if proceed with foreclosure. All these were sent to the parties that have control of the outcome of the foreclosure such as the alleged loan servicer (RCS), the alleged trustee that handled the non-judicial sale (Regional Trustee Corp.) and Robinson Tait, the attorney law firm claimed they represent RCS and the alleged creditor (DBNT). Debtor filed the mentioned 2 chapter 13 to prevent the wrongful foreclosures from taken place.

In answering paragraph 6, debtor is objecting the alleged creditor's request for relief from the automatic stay due to DBNT is not the true creditor to debtor's lien/collateral. The alleged creditor has not established itself as having any secured interests in the real property, nor has any indication that they are a named party with authority on debtor's deed of trust. Wherefore, the alleged creditor (DBNT) should not have the authority to request relief from stay.

Jessica P. Sam
Ha To Ha
8230 SE Yamhill Street
Portland, OR 97216
Phone: (503) 961-5506
Email: Jessicasam555@msn.com

IN THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

In Re:                                                          Bankruptcy Case No. 13-32107-elp7
Jessica P. Sam, Ha To Ha, Debtors

_____/

**OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

COME NOW the Debtors, Jessica P Sam and Ha To Ha object to the Motion for relief from automatic stay to permit Foreclosure on the debtor's home filed by Deutsche Band National Trust Company in its Capacity as Indenture Trustee for the Noteholders of Aames Mortgage Investment Trust 2005-2, a Delaware statutory trust (hereafter "DBNT") on the following grounds:

1. A security interest in the property of the debtor is claimed, however, DBNT has not provided evidence that established how it became the holder of the applicable Note and Deed of Trust. The proof of claim is not in sight nor is accompanied by evidence that the creditor has authority to bring the claim, has standing or that the security interest has been perfected as required under F.R.B.P Rule 3001(d) and is

facially defective and does not constitute prima facie validity of the claim in order to lift the automatic stay.

2. Debtor signed a note and trust deed with lender Aames Funding Corporation, dba Aames home loan other than DBNT.

3. The Lender or Beneficiary Aames Funding Corporation has never assigned any beneficial interest, or authority to act in its behalf, to transfer right, title and interest in the Property to any party.

4. The proper and rightful beneficiary was not established under ORS 86.735 or other applicable provisions of the Oregon Trust Deed Act, ORS 86.705 – ORS 86.795.

5. DBNT violated ORS 86.735 due to this statute sets forth how the trustee may foreclose a trust deed by advertisement and sale.

6. DBNT foreclosure proceedings are defective, because it did not follow the provisions of ORS 86.735, in the following particulars:

    a. There was no recorded assignment made by beneficiary Aames Funding Corporation to any other entity.

    b. There was no recorded power of attorney or authorization for any party to act on behalf of the beneficiary Aames Funding Corporation.

    c. The alleged "Assignment" signed and recorded by an un-authorized third party Residential Credit Solution Inc(RCSI). is a falsified document and of no legal validity.

    d. The Assignment is further void and ineffective because Residential Credit Solution Inc. has no right, title or interest in the Debtor's Mortgage to assign

any right, title or interest to any party, including DBNT or the MBS Trust.

e. The alleged "Appointment of Successor Trustee" recorded by Regional Trustee Services Corp (RTSC). is a falsified document and of no legal validity due to this trustee was appointed by DBNT that did not have the authority or right or title to perform this appointment.

f. DBNT is not a party to the Note or Deed of Trust and has no authority to act whatsoever concerning Plaintiffs' Mortgage.

g. Both the Notice of Default and Second Notice of Default purport to foreclose in the name of DBNT and/or RTSC, via the ineffectual Assignment and Appointment. The Assignment is invalid; the Appointment is invalid, and both Notices of Default are improper and legally void.

h. Both Notices of Default purport to seek to foreclose in the name of the beneficiary is false, as the beneficiary is neither DBNT nor RTSC. Aames Funding Corporation (the beneficiary) never authorized any foreclosure action.

7. DBNT directly violated ORS 86.735, 86.745 and 86.755, among the provisions of the Oregon Trust Deed Act governing non-judicial foreclosure proceedings.

8. DBNT, RCSI AND RTSC are in violation of ORS 86.745 for failing to record a Notice of Default required by ORS 86.745 and the Oregon Trust Deed Act, ORS 86.705-86.795 ("OTDA").

9. DBNT, RCSI AND RTSC are in violation of ORS 86.755(2), because it did not (attempt) to restart the foreclosure sale when a sale got postponed for more than 180

days.

WHEREFORE, Debtors are respectfully requesting the Trustee/Court to deny the creditor's motion to lift the automatic for stay.

See attached answers to responds to "Motion For Relief From Automatic Stay"

Dated this 6 day of May, 2013

Jessica P. Sam
Ha To Ha
8230 SE Yamhill Street
Portland, OR 97216
Phone: (503) 961-5506

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY upon the following:

Lisa McMahon-Myhran, OSB
#00084 Robinson Tait, P.S.
710 Second Avenue, Suite 710
Seattle, WA 98104
Phone: 206-676-9640
Email: lmcmahon@robinsontait.com

By mailing a copy of said OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY in a sealed, first-class postage-paid envelope, addressed to the attorney(s) of record listed above, and deposited with the United States Postal Service, on the date set forth below.

Dated this 6 day of May, 2013

Jessica P. Sam

Ha To Ha
8230 SE Yamhill
Street Portland, OR
97216
Phone: (503) 961-5506
Email: Jessicasam555@msn.com

In respond to "MOTION FOR RELIEF FROM AUTOMATIC STAY" in Chapter 7 case # <u>13-32107-elp7.</u>

In answering paragraph 1, debtors deny the alleged amount or the validity of the debt entered by DEUTSCHE BANK NATIONAL TRUST COMPANY (DBNT) in paragraph 1, due to DBNT did not loan any money to debtors and never had any actual interest in the mortgage. The Deed of Trust was not given for the benefit of DBNT and DNBT has never been named the beneficiary to the trust.

In answering paragraph 2, Debtors deny the allegation and object to "Relief from Stay" due to DBNT is not the true party of interest to collect payments. DBNT is not and has never been the beneficiary to the trust, therefore, DBNT is not entitled to receive payments and not authorized to question the equity in the collateral.

In answering paragraph 3, debtors deny the allegation that DBNT has any security agreement between itself and the debtor, debtors deny the allegation that DBNT has the proper recorded loan assignment naming them on the deed of trust on 4/27/05, or land sale contract dated 4/18/05 to authorize them as "secured creditor" to have any saying or lifting debtors (home owners) automatic stay. DBNT has no right or authority to challenge whether or not the debtors have not stated on Local Form (LBF) #521 or #521.05 for intends to surrender the collateral.

In answering paragraph 5, debtors had filed 2 bankruptcies in order to prevent the wrongful foreclosures that the allege creditor (DBNT) have maliciously conducted through their appointed trustee RTSC for foreclosure non-judicially. 12-30053-tmb13 was filed on 1/5/2012 and 12-38965-rld13 was filed on 12/6/2012 to prevent fraudulent/wrongful foreclosure. There were many correspondences sent by the debtors for verification, validation of the debt and even notices of violation of Oregon Law and Federal Statute if proceed with foreclosure. All these were sent to the parties that have control of the outcome of the foreclosure such as the alleged loan servicer (RCS), the alleged trustee that handled the non-judicial sale (Regional Trustee Corp.) and Robinson Tait, the attorney law firm claimed they represent RCS and the alleged creditor (DBNT). Debtor filed the mentioned 2 chapter 13 to prevent the wrongful foreclosures from taken place.

In answering paragraph 6, debtor is objecting the alleged creditor's request for relief from the automatic stay due to DBNT is not the true creditor to debtor's lien/collateral. The alleged creditor has not established itself as having any secured interests in the real property, nor has any indication that they are a named party with authority on debtor's deed of trust. Wherefore, the alleged creditor (DBNT) should not have the authority to request relief from stay.