Jessica P. Sam
Ha To Ha
8230 SE Yamhill Street
Portland, OR 97216
Phone: (503) 961-5506
Email: jessicasam555@msn.com

# UNITED STATES BANKRUTCY COURT
## FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | Case No. 13-32107-elp7 |
| Jessica P. Sam & Ha To Ha | ) | |
| Debtors, | ) | RESPONSE TO RESPONSE |
| | ) | To Motion for Reconsideration |
| | ) | |
| | ) | |
| | ) | For the order of relief from |
| | ) | Automatic Stay |

  COME NOW the Debtors and third party beneficiaries Jessica P Sam and Ha To Ha who are responding to the Response to Motion for Reconsideration.

  The Motion for Reconsideration filed clearly and concisely stated that DUETSCHE BANK (DBNT) is a third party interloper that is fraudulently trying to interfere with debtors' loan. There are no contracts between DBNT and the debtors. There is no evidence of any contractual legal binding agreements between DBNT and the Original Lender-Aames Funding Corporation dba Aames Home Loan (Aames) to authorize DBNT to enforce debtors' loan. Therefore, the recordings of the Appointment of Trustee and the Assignment of Deed of Trust are fraud upon the public record. See exhibits.

  According to the Pooling and Servicing Agreement (PSA) found on the Securities & Exchange Commission's public assessable web site at www.secinfo.com, the Mortgage Backed Securities Trust (MBS)-AAMES MORTGAGE INVESTMENT

TRUST 2005-2 was paid in full at the inception of the trust. Therefore, the note is not in default per the Original Lender's perspective. The MBS trust closing date was on May 31, 2005. DBNT recorded the Appointment of Trustee and the Assignment of Deed of Trust on June 23, 2010, five years later after the closing of the MBS Trust. Again, these recordings are fraud upon the public records and are void due to the loan being sold into a MBS trust on May 1st 2005.

DBNT does not have any attachment to the debtors' deed of trust because the deed of trust was contractually distinguished or perfected after the sponsor of the loan sold it to the sponsor of the mortgage backed securities trust according to the SEC. This will make any Assignment of Deed f Trust and Appointment of Trustee null and void and consequently the foreclosure attempts are invalid.

Attorney Lisa McMahon-Myhran is insisting the Note was endorsed in blank from Aames Funding Corporation, the original lender, that renders the instrument payable to DBNT and DBNT is the entity entitled to enforce. This is an admission of DBNT double dipping which is a form of securities fraud. Once the loan got securitized, no entity can be a creditor. A Mortgage Pass Through Trust (REMIC as defined in Title 26, Subtitle A, Chapter 1, Subchapter M, Part II §§ 850-862) cannot hold assets for if they do, their tax exempt status is violated and the Trust itself is void ab initio. Either the Trust has voided its intended Tax Free Status or the asset is not owned by it.

Besides the fact is that the deed of trust and the note got bifurcated and there is no evidence that the note was properly assigned to DBNT. The burden of proof is upon the alleged creditor pursuant to UCC Article 3-501(a)(2), UCC Article 3-203, the person who endorsed should possess the right to endorse and UCC Article 3-301, person entitled

to enforce. There is no evidence on the record that the purported creditor is entitled to enforce the Note.

The alleged "Original Note" was brought into the court by an attorney from Robinson Tait, Nicolas Daluiso. This attorney is not an attorney in fact appointed by the alleged creditor. This attorney has no firsthand knowledge of the facts of this case. The alleged Note did not get submitted into the court as evidence and it appeared to have many flaws that were outlined and questioned in the "Motion for Reconsideration".

In her response the attorney cited Veal v. Am. Home Mortg. Servicing Inc. (In re Veal) 450 B.R. 897, 555-56 (9th Cir. BAP 2011) case. This case got appealed with the outcome favoring home owner with the decision to reverse the automatic stay using Article 3 and Article 9 to determine the validity of the note and consequently determining if standing was proper. "The appellate court found Wells Fargo did not have proper standing for Motion For Relief like the BK court thought they had under this finding- " a negotiable promissory note secured by real property if, under applicable law, it is a "person entitled to enforce the note" as defined by the Uniform Commercial Code. See Veal v. American Home Mortgage Servicing, BAP No. AZ-10-1055-MkKiJu.

This case law shows that Debtors not only have standing to asset violations pertaining to the PSA but in some cases the presiding judges deem them as "Third Party Creditors". PHYLLIS HORACE VS. LASALLE BANK NATIONAL ASSOCIATION, ET AL 57-CV-20008-000362.00
"The ruling prevents defendant LaSalle Bank – as the trustee holding the plaintiff's securitized mortgage – from proceeding with a foreclosure because the trust failed to follow its own pooling and servicing agreement, and did not follow applicable New York law when trying to "obtain assignment of Horace's note and mortgage,"

The court also finds that plaintiff Horace is a third party beneficiary of the PSA created the trust.

DBNT have not proved it has the proper standing to file the motion for relief of the stay and the burden of prove is still on them.

Date 7/9/13

Respectfully Submitted,

_____
Jessica P. Sam

_____
Ha To Ha
8230 SE Yamhill Street
Portland, OR 97216
503-961-5506

## CERTIFICATE OF SERVICE

I hereby certify that on July 9 2013, we mailed a true and correct copy of the above and foregoing motion to the parties listed below.

Jessica P. Sam

Ha To Ha

Lawyers for Deutsche Bank
Robinson Tait
710 Second Avenue
Suite 710
Seattle, WA 98104

Trustee- Kenneth S. Eiler
PMB 810
515 SW Saltzman Rd.
Portland, OR 97229

US Trustee
620 SW Main Room # 213
Portland, OR 97205

34

Multnomah County Official Records
C Swick, Deputy Clerk

**2010-077498**



$41.00

06/23/2010 01:27:43 PM

1R-SUB TR  Cnt=1 Stn=43 ATRGW
$10.00 $11.00 $15.00 $5.00

When recorded, mail to:

**REGIONAL TRUSTEE SERVICES CORPORATION**
616 1st Avenue, Suite 500
Seattle, WA 98104

Trustee's Sale No: 09-FAA-96724



### APPOINTMENT OF SUCCESSOR TRUSTEE

**KNOW ALL MEN BY THESE PRESENTS** that, HA TO HA is the Grantor, and LINDSAY HARTE LAW OFFICE is the Trustee, and AAMES FUNDING CORPORATION DBA AAMES HOME LOAN is the Beneficiary under that certain trust deed dated 4/18/2005, recorded 4/27/2005, under Instrument No. 2005-074270, records of MULTNOMAH County, OREGON.

**NOW, THEREFORE**, in view of the premises, DEUTSCHE BANK NATIONAL TRUST COMPANY in its capacity as indenture trustee for the Noteholders of AAMES MORTGAGE INVESTMENT TRUST 2005-2, a Delaware statutory trust., who is the present beneficiary, hereby appoints REGIONAL TRUSTEE SERVICES CORPORATION, whose address is 616 1st Avenue, Suite 500, Seattle, WA 98104, as Successor Trustee under said trust deed, to have all the powers of said original trustee, effective as of the date of execution of this document.

**IN WITNESS WHEREOF**, the undersigned beneficiary has hereunto set his hand; if the undersigned is a corporation, it has caused its corporate name to be signed and affixed hereunto by its duly authorized officers.

1

ORSubPOA



Trustee's Sale No: 09-FAA-96724

DATED: ~~8/26/10~~ 6/15/10 *

* Effective 6/18/2010

DEUTSCHE BANK NATIONAL TRUST COMPANY in its capacity as indenture trustee for the Noteholders of AAMES MORTGAGE INVESTMENT TRUST 2005-2, a Delaware statutory trust.
By RESIDENTIAL CREDIT SOLUTIONS
Its Attorney in Fact

By _____

Jeffrey W. Gideon (Name – Title)
**Vice President**

STATE OF __Texas__ )
COUNTY OF __Tarrant__ ) ss.

On __June 15 2010__, before me, the undersigned, a Notary Public in and for the State of __Texas__, duly commissioned and sworn, personally appeared __Jeffrey W. Gideon__, to me known to be the **Vice President** of RESIDENTIAL CREDIT SOLUTIONS, the corporation that executed the foregoing instrument as Attorney in Fact for DEUTSCHE BANK NATIONAL TRUST COMPANY in its capacity as indenture trustee for the Noteholders of AAMES MORTGAGE INVESTMENT TRUST 2005-2, a Delaware statutory trust., and acknowledged the said instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes therein mentioned, and on oath stated that he/she/it was authorized to execute the said instrument.

WITNESS my hand and official seal hereto affixed the day and year first above written.

_____
NOTARY PUBLIC in and for the State of __TX__, residing at: __Tarrant__
My commission expires: __8/28/12__

[Notary Seal: AMY MCQUEEN, Notary Public, State of Texas, Expires 06-28-2012]

2                                                                                         ORSubPOA

53

When recorded, mail to:

**RESIDENTIAL CREDIT SOLUTIONS**
Attn: Foreclosure Department
4282 N FREEWAY
FORT WORTH, TEXAS 76137

Multnomah County Official Records
C Swick, Deputy Clerk                **2010-077497**


U0685160201000774970020025                    **$41.00**

1R-MTG ASGT              06/23/2010 01:27:43 PM
$10.00 $11.00 $15.00 $5.00       Cnt=1  Stn=43  ATRGW

---

Trustee's Sale No: 09-FAA-96724

## *FAA967240112000000*

### ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned, AAMES FUNDING CORPORATION DBA AAMES HOME LOAN, by these presents, grants, bargains, sells, assigns, transfers and sets over unto DEUTSCHE BANK NATIONAL TRUST COMPANY in its capacity as indenture trustee for the Noteholders of AAMES MORTGAGE INVESTMENT TRUST 2005-2, a Delaware statutory trust., 4282 N Freeway, Fort Worth, TX 76137, all beneficial interest under that certain Deed of Trust dated 4/18/2005, and executed by HA TO HA, as Grantor, to LINDSAY HARTE LAW OFFICE, as Trustee, and recorded on 4/27/2005, under Auditor's File No. 2005-074270, of MULTNOMAH County, State of OREGON, and covering property more fully described on said Deed of Trust referred to herein.

Together with the Note or Notes therein described or referred to, the money due and to become due therein with interest, and all rights accrued or to accrue under said Deed of Trust.

1                                               Assn

Trustee's Sale No: 09-FAA-96724

Dated: 6/18/10

AAMES FUNDING CORPORATION DBA AAMES HOME LOAN

BY: _____
Name: Jeffrey W. Gideon
Title: Vice President

STATE OF **Texas**        )
COUNTY OF **Tarrant**     ) ss.
                          )

On 6/18/10, before me, Amy McQueen, Notary Public personally appeared Jeffrey W. Gideon, who proved to me on the basis of satisfactory evidence to be the person(s) whose name is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted executed the instrument.

WITNESS my hand and official seal.

_____
NOTARY PUBLIC in and for the State of
**Texas**, residing at: **Tarrant**
My commission expires: 8/28/12

[Notary Seal: AMY MCQUEEN, NOTARY PUBLIC, STATE OF TEXAS, EXPIRES 06-28-2012]

2                                                              Assn