The Honorable Elizabeth L. Perris
Hearing: n/a
Response: n/a

Lisa McMahon-Myhran
Robinson Tait, P.S.
710 Second Avenue, Suite 710
Seattle, WA 98104
Phone: 206-676-9640
Fax: 206-676-9659

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON
AT PORTLAND

| In Re: | BANKRUPTCY NO. 13-32107-elp 7 |
|---|---|
| JESSICA P. SAM and HA TO HA, | CHAPTER NO. 7 |
| Debtors. | OPPOSITION TO AFFIDAVIT OF PLAINTIFFS FOR ISSUANCE OF AN EMERGENCY TRO AND PERMANENT INJUNCTION BARRING SALE |

Debtors seek to stop the foreclosure sale set for July 16, 2013 asserting that the sale is in violation of ORS 86.755(2) which requires the trustee to hold the sale within 180 days of the original sale date noted in the Notice of Sale. After 180 days, a new Notice of Sale with a new sale date would be required to be issued.

On May 21, 2013, this Court entered an order granting relief to Deutsche Bank National Trust Company as Trustee. On June 18, 2013, Regional Trustee Services Corporation issued and served a new Notice of Trustee's Sale (after relief from stay) setting a sale date of July 16, 2013. Because a new Notice of Sale was issued and served, the 180 day window for sale was restarted anew and there will be no violation of ORS 86.755(2). Attached as Exhibit A hereto is a true and correct copy of the Amended

OPPOSITION TO MOTION FOR TRO - 1
60300-0140-BK-2

*Law Offices*
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle, Washington 98104

Trustee's Notice of Sale. Attached as Exhibit B hereto is a true and correct copy of the Affidavits of Service of the Notice of Sale.

As such, it is respectfully requested that the request to stop the sale be denied.

DATED this 12th day of July 2013.

/s/Nicolas A. Daluiso
Nicolas A. Daluiso, #126155
Robinson Tait, P.S.
Attorneys For DEUTSCHE BANK NATIONAL TRUST COMPANY in its capacity as indenture trustee for the Noteholders of AAMES MORTGAGE INVESTMENT TRUST 2005-2 and its successors and assigns

OPPOSITION TO MOTION FOR TRO - 2
60300-0140-BK-2

*Law Offices*
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle, Washington 98104

**NOTICE TO BORROWER:** YOU SHOULD BE AWARE THAT THE UNDERSIGNED IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

## AMENDED TRUSTEE'S NOTICE OF SALE
*(after release from stay)*
Trustee's Sale No. 09-FAA-127334



Reference is made to that certain Deed of Trust made by, HA TO HA, as grantor, to LINDSAY HARTE LAW OFFICE, as Trustee, in favor of AAMES FUNDING CORPORATION DBA AAMES HOME LOANS, as beneficiary, dated 4/18/2005, recorded 4/27/2005 , under Instrument No. 2005-074270,   records of MULTNOMAH County, OREGON. The beneficial interest under said Trust Deed and the obligations secured thereby are presently held by DEUTSCHE BANK NATIONAL TRUST COMPANY in its capacity as indenture trustee for the Noteholders of AAMES MORTGAGE INVESTMENT TRUST 2005-2, a Delaware statutory trust.. Said Trust Deed encumbers the following described real property situated in said county and state, to-wit:

THE EAST 10.52 FEET OF LOT 5, AND ALL OF LOTS 6, 7 AND 8, BLOCK 5, SUNRISE PARK, IN THE CITY OF PORTLAND, COUNTY OF MULTNOMAH AND STATE OF OREGON.

The street address or other common designation, if any, of the real property described above is purported to be:
8230 SOUTHEAST YAMHILL STREET
PORTLAND, OR 97216

The undersigned Trustee disclaims any liability for any incorrectness of the above street address or other common designation.

Both the beneficiary and the trustee have elected to sell the said real property to satisfy the obligations secured by said trust deed and a notice of default has been recorded pursuant to Oregon Revised Statutes 86.735(3); the default for which the foreclosure is made is grantor's failure to pay when due, the following sums:

```
                                                    Amount due as of
                                                    June 18, 2013
                                                    ----------------
Delinquent Payments from February 01, 2011
2 payments at $ 1,881.84 each                       $     3,763.68
9 payments at $ 1,928.09 each                       $    17,352.81
12 payments at $ 1,876.25 each                      $    22,515.00
6 payments at $ 1,887.24 each                       $    11,323.44
     (02-01-11 through 06-18-13)
Late Charges:                                       $     2,570.18
BENEFICIARY ADVANCES
   FEES RECEIVABLE                                  $    13,975.30
Suspense Credit:                                    $         0.00
                                                    ================
TOTAL:                                              $    71,500.41
```

ALSO, if you have failed to pay taxes on the property, provide insurance on the property or pay other senior liens or encumbrances as required in the note and deed of trust, the beneficiary may insist that you do so in order to reinstate your account in good standing.  The beneficiary may require as a condition to reinstatement that you provide reliable written evidence that you have paid all senior liens or encumbrances, property taxes, and hazard insurance premiums. These requirements for reinstatement should be confirmed by contacting the undersigned Trustee.

By reason of said default, the beneficiary has declared all sums owing on the obligation secured by said trust deed immediately due and payable, said sums being the following:

UNPAID PRINCIPAL BALANCE OF $195,058.93, PLUS interest thereon at 8.5% per annum from 01/01/11, until paid, together with escrow advances, foreclosure costs, trustee fees, attorney fees, sums required for the protection of the property and additional sums secured by the Deed of Trust.

The Notice of Default and original Notice of Sale given pursuant thereto stated that the property would be sold on April 26, 2013, at the hour of 11:00 AM, in accord with the standard of time established by ORS 187.110, at FRONT ENTRANCE OF THE MULTNOMAH COUNTY COURTHOUSE, 1021 S.W. 4TH AVENUE, PORTLAND, County of MULTNOMAH, State of OREGON; however, subsequent to the recording of said Notice of Default, the original sale proceedings were stayed by order of the court or by proceedings under the National Bankruptcy Act or for other lawful reason. The beneficiary did not participate in obtaining such stay. Said stay was terminated on 5/21/2013.

WHEREFORE, notice hereby is given that the undersigned trustee, will on July 16, 2013, at the hour of 11:00 AM, in accord with the standard of time established by ORS 187.110, at FRONT ENTRANCE OF THE MULTNOMAH COUNTY COURTHOUSE, 1021 S.W. 4TH AVENUE, PORTLAND, County of MULTNOMAH, State of OREGON, (which is the new date, time and place set for sale) sell at public auction to the highest bidder for cash, the interest in the said described property which the grantor had, or had the power to convey, at the time of the execution by him of the said trust deed, together with any interest which the grantor or his successors in interest acquired after the execution of said trust deed, to satisfy the foregoing obligations thereby secured and the costs and expenses of sale, including a reasonable charge by the trustee.

Notice is further given that any person named in ORS 86.753 has the right, at any time prior to five days before the date last set for the sale, to have this foreclosure proceeding dismissed and the trust deed reinstated by payment to the beneficiary of the entire amount then due (other than such portion of the principal as would not then be due had no default occurred) and by curing any other default complained of herein that is capable of being cured by tendering the performance required under the obligation or trust deed, and in addition to paying said sums or tendering the performance necessary to cure the default, by paying all costs and expenses actually incurred in enforcing the obligation and trust deed, together with trustee's and attorney's fees not exceeding the amounts provided by said ORS 86.753.

In construing this notice, the masculine gender includes the feminine and the neuter, the singular includes the plural, the word "grantor" includes any successor in interest to the grantor as well as any other person owing an obligation, the performance of which is secured by said trust deed, and the words "trustee" and "beneficiary" include their respective successors in interest, if any.

Anyone having any objection to the sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the same.

## NOTICE TO RESIDENTIAL TENANTS:

The property in which you are living is in foreclosure. A foreclosure sale is scheduled for July 16, 2013. Unless the lender who is foreclosing on this property is paid, the foreclosure will go through and someone new will own this property.

The following information applies to you only if you occupy and rent this property as a residential dwelling under a legitimate rental agreement. The information does not apply to you if you own this property or if you are not a residential tenant.

If the foreclosure goes through, the business or individual who buys this property at the foreclosure sale has the right to require you to move out. The buyer must first give you an eviction notice in writing that specifies the date by which you must move out. The buyer may not give you this notice until after the foreclosure sale happens. If you do not leave before the move-out date, the buyer can have the sheriff remove you from the property after a court hearing. You will receive notice of the court hearing.

FEDERAL LAW REQUIRES YOU TO BE NOTIFIED IF YOU ARE OCCUPYING AND RENTING THIS PROERTY AS A RESIDENTIAL DWELLING UNDER A LEGITIMATE RENTAL AGREEMENT, FEDERAL LAW REQUIRES THE BUYER TO GIVE YOU NOTICE IN WRITING A CERTAIN NUMBER OF DAYS BEFORE THE BUYER CAN REQUIRE YOU TO

MOVE OUT. THE FEDERAL LAW THAT REQUIRES THE BUYER TO GIVE YOU THIS NOTICE IS EFFECTIVE UNTIL DECEMBER 31, 2012. Under federal law, the buyer must give you at least 90 days notice in writing before requiring you to move out. If you are renting this property under a fixed-term lease (for example, a six-month or one-year lease), you may stay until the end of your lease term. If the buyer wants to move in and use this property as the buyer's primary residence, the buyer can give you written notice and require you to move out after 90 days, even if you have a fixed-term lease with more than 90 days left.

STATE LAW NOTIFICATION REQUIREMENTS: IF THE FEDERAL LAW DOES NOT APPLY, STATE LAW STILL REQUIRES THE BUYER TO GIVE YOU NOTICE IN WRITING BEFORE REQUIRING YOU TO MOVE OUT IF YOU ARE OCCUPYING AND RENTING THE PROPERTY AS A TENANT IN GOOD FAITH. EVEN IF THE FEDERAL LAW REQUIREMENT IS NO LONGER EFFECTIVE AFTER DECEMBER 31, 2012, THE REQUIREMENT UNDER STATE LAW STILL APPLIES TO YOUR SITUATION. Under state law, if you have a fixed-term lease (for example, a six-month or one-year lease), the buyer must give you at least 60 days notice in writing before requiring you to move out. If the buyer wants to move in and use this property as the buyer's primary residence, the buyer can give you written notice and require you to move out after 30 days, even if you have a fixed-term lease with more than 30 days left.

If you are renting under a month-to-month or week-to-week rental agreement, the buyer must give you at least 30 days notice in writing before requiring you to move out.

IMPORTANT: For the buyer to be required to give you notice under state law, you must prove to the business or individual who is handling the foreclosure sale that you are occupying and renting this property as a residential dwelling under a legitimate rental agreement. The name and address of the business or individual who is handling the foreclosure sale is shown on this notice under the heading "TRUSTEE". You must mail or deliver your proof not later than 6/14/2013 (30 days before the date first set for the foreclosure sale). Your proof must be in writing and should be a copy of your rental agreement or lease. If you do not have a written rental agreement or lease, you can provide other proof, such as receipts for rent you paid.

## ABOUT YOUR SECURITY DEPOSIT

Under state law, you may apply your security deposit and any rent you paid in advance against the current rent you owe your landlord. To do this, you must notify your landlord in writing that you want to subtract the amount of your security deposit or prepaid rent from you rent payment. You may do this only for the rent you owe you current landlord. If you do this, you must do so before the foreclosure sale. The business or individual who buys this property at the foreclosure sale is not responsible to you for any deposit or prepaid rent you paid to your landlord.

## ABOUT YOUR TENANCY AFTER THE FORECLOSURE SALE

The business or individual who buys this property at the foreclosure sale may be willing to allow you to stay as a tenant instead of requiring you to move out. You should contact the buyer to discuss that possibility if you would like to stay. Under state law, if the buyer accepts rent from you, signs a new residential rental agreement with you or does not notify you in writing within 30 days after the date of the foreclosure sale that you must move out, the buyer becomes your new landlord and must maintain the property. Otherwise, the buyer is not your landlord and is not responsible for maintaining the property on your behalf and you must move out by the date the buyer specifies in a notice to you.

YOU SHOULD CONTINUE TO PAY RENT TO YOUR LANDLORD UNTIL THE PROPERTY IS SOLD TO ANOTHER BUSINESS OR INDIVIDUAL OR UNTIL A COURT OR A LENDER TELLS YOU OTHERWISE. IF YOU DO NOT PAY RENT, YOU CAN BE EVICTED. AS EXPLAINED ABOVE, YOU MAY BE ABLE TO APPLY A DEPOSIT YOU MADE OR PREPAID RENT YOU PAID AGAINST YOUR CURRENT RENT OBLIGATION. BE SURE TO KEEP PROOF OF ANY PAYMENTS YOU MAKE AND OF ANY NOTICE YOU GIVE OR RECEIVE CONCERNING THE APPLICATION OF YOUR DEPOSIT OR YOUR PREPAID RENT.

IT IS UNLAWFUL FOR ANY PERSON TO TRY TO FORCE YOU TO LEAVE YOUR HOME WITHOUT FIRST GOING TO COURT TO EVICT YOU. FOR MORE INFORMATION ABOUT YOUR RIGHTS, YOU MAY WISH TO CONSULT A LAWYER. If you believe you need legal assistance, contact the Oregon State Bar at 800-452-7636 and ask for lawyer referral service. Contact information for the Oregon State Bar is included with this notice. If you do not have enough money to pay a lawyer and are otherwise eligible, you may be able to receive legal assistance for free. Information about whom to contact for free legal assistance may be obtained through Safenet at 800-SAFENET.

DATED: 6/18/2013

REGIONAL TRUSTEE SERVICES CORPORATION
Trustee

By _____
TIMOTHY FIRMAN, AUTHORIZED AGENT
616 1st Avenue, Suite 500, Seattle, WA 98104
Phone: (206) 340-2550
Sale Information: http://www.rtrustee.com

STATE OF WASHINGTON    }
                      } ss.
COUNTY OF KING         }

I certify that I am an authorized representative of trustee, and the foregoing is a complete and exact copy of the original trustee's notice of sale.

_____
Authorized Representative of Trustee

**RECORDING COVER SHEET FOR NOTICE OF SALE PROOF OF COMPLIANCE PER O.R.S. 205.234**
THIS COVER SHEET HAS BEEN PREPARED BY THE PERSON PRESENTING THE ATTACHED INTRUMENT FOR RECORDING, ANY ERRORS IN THIS COVER SHEET DO NOT AFFFECT THE TRANSACTION(S) CONTAINED IN THE INSTRUMENT ITSELF.

WHEN RECORDED MAIL TO

**REGIONAL TRUSTEE SERVICES CORPORATION**, as Trustee
616 1st Avenue, Suite 500
Seattle, WA 98104

Trustee's Sale No:    09-FAA-127334

12024966 2

**MARK NAME(S) OF ALL THE TRANSACTION(S)** described in the attached instrument. Fill In the Original Grantor on Trust Deed and the Beneficiary as indicated. Each Affidavit of Mailing Notice of Sale or Affidavit of Publication Notice of Sale or Proof of Service will be considered a transaction.

☒ AFFIDAVIT OF MAILING NOTICE OF SALE (must have trustee's notice of sale attached)

*Amended*

☐ AFFIDAVIT OF PUBLICATION NOTICE OF SALE

☐ PROOF OF SERVICE /AFFIDAVIT OF NON-OCCUPANCY

☐ AFFIDAVIT OF COMPLIANCE (AS REQUIRED BY ORS.750(5)

**Original Grantor on Trust Deed**

HA TO HA

**Beneficiary**

**AAMES FUNDING CORPORATION DBA AAMES HOME LOANS**

Multnomah County Official Records    **2013-085896**
R Weldon, Deputy Clerk
06/24/2013 01:30:34 PM
1R-        Pgs=7 Stn=25 ATLJH
$35.00 $11.00 $10.00 $15.00                    $71.00

OR_AffRecCover

**REGIONAL TRUSTEE SERVICES CORPORATION**
616 1st Avenue, Suite 500
Seattle, WA 98104
Phone: (206) 340-2550 / Fax:

*Trustee Sale No.: 09-FAA-127334*



Affidavit of Mailing AmendedTrustee's Notice of Sale

STATE OF WASHINGTON )
) ss.
COUNTY OF KING )

I, Scott Mulliner being first duly sworn, state that I am now, and at all times herein mentioned was a citizen of the United States a resident of the State of Washington, and over the age of eighteen years, and not the beneficiary or his successor in interest named in the attached original Amended Notice of Sale given under the terms of that certain trust deed described in said Notice.

That I gave notice of the sale of the real property described in the attached Amended Notice of Sale by mailing a copy thereof by registered or certified mail to each of the following named persons (or their legal representatives, where so indicated) at their respective last known addresses, to-wit:

HA TO HA, 8230 SOUTHEAST YAMHILL STREET, PORTLAND, OR, 97216
OCCUPANT, 8230 SOUTHEAST YAMHILL STREET, PORTLAND, OR, 97216
SPOUSE OF HA TO HA, 8230 SOUTHEAST YAMHILL STREET, PORTLAND, OR, 97216

ARROW FINANCIAL SERVICES LLC, C/O ZWICKER & ASSOCIATES PC, DONNA J SMITH, 10824 SE OAK ST PMB 401, MILWAUKIE, OR, 97222
ARROW FINANCIAL SERVICES, L.L.C., 5996 WEST TOUHY AVE, NILES, IL, 60714
ARROW FINANCIAL SERVICES, L.L.C., C/O C T CORPORATION SYSTEM, 388 STATE STREET SUITE 420, SALEM, OR, 97301
CAPITAL ONE BANK (USA) NA, C/O JOHNSON MARK LLC. DANIEL R WILKINSON, 901 NORTH BRUTSCHER STREET, SUITE D PMB 401, NEWBERG, OR, 97132
FAIRPLAY REALTY, C/O RYAN MORELL, 201 NORTHEAST PARK PLAZA DRIVE, SUITE 166, VANCOUVER, WA, 98684
JESSICA P SAM, 8230 SE YAMHILL STREET, PORTLAND, OR, 97216
KENNETH S. EILER, TRUSTEE, REF : BK #13-32107-ELP7, 515 NW SALTZMAN RD - PMB 810, PORTLAND, OR, 97229
LVNV FUNDING LLC, C/O SARAH E. FUDGE, ATTORNEY AT LAW, 1666 WEST 12TH AVENUE, EUGENE, OR, 97440
LVNV FUNDING LLC, C/O SARAH E. FUDGE, ATTORNEY AT LAW, PO BOX 10163, EUGENE, OR, 97440
LVNV FUNDING LLC, C/O SARAH E FUDGE, LANE COUNTY CIRCUIT COURT, 125 EAST 8TH AVENUE, EUGENE, OR, 97401
NATIONAL CREDIT ACCEPTANCE INC., C/O GREENE & MARKLEY PC DANIEL L STEINBERG, 1515 SOUTHWEST 5TH AVENUE, SUITE 600, PORTLAND, OR, 97201
NATIONAL CREDIT ACCEPTANCE, INC, 1731 HOWE AVENUE #254, SACRAMENTO, CA, 95825
PORTLAND GENERAL ELECTRIC COMPANY, C/O MARKOWITZ HERBOLD ET AL , DAVID ANTON AAMODT, 1211 SOUTHWEST 5TH AVENUE, SUITE 3000, PORTLAND, OR, 97204
PORTLAND GENERAL ELECTRIC COMPANY, C/O STEPHEN A REDSHAW, 121 SOUTHWEST SALMON STREET, PORTLAND, OR, 97204
PORTLAND GENERAL ELECTRIC COMPANY, C/O DAVID ANTON AAMODT, 7590 SOUTH HIGHWAY 211, CANBY, OR, 97013

OR_AmendedMailing Aff
*Amanda*

TENANT, 8230 SOUTHEAST YAMHILL STREET, PORTLAND, OR, 97216
VELOCITY INVESTMENTS LLC, C/O HARRINGTON ANDERSON & DEBLASIO, 1737 NORTHEAST BROADWAY, PORTLAND, OR, 97212
VELOCITY INVESTMENTS LLC, C/O HARRINGTON ANDERSON & DEBLASIO, PO BOX 12669, PORTLAND, OR, 97212
VELOCITY INVESTMENTS, L.L.C., 1800 RT 34 N BLDG 4 SUITE 404A, WALL, NJ, 07719
VELOCITY INVESTMENTS, L.L.C., C/O CORPORATION SERVICE COMPANY, 285 LIBERTY STREET NORTHEAST, SALEM, OR, 97301
WAYNE GODARE, TRUSTEE, REF : BK #12-30053-TMB13 , 1300 SOUTHWEST COLUMBIA STREET #1700, PORTLAND, OR, 97201
WAYNE GODARE, TRUSTEE, REF : BK #12-38965-RLD13, 222 SW COLUMBIA STREET #1700, PORTLAND, OR, 97201

Said Amended Trustee's Notice of Sale was given in compliance with ORS 86.755(6), within 30 days after release from a stay of the foreclosure proceedings, and the above named persons include all of those persons listed in ORS 86.740 and ORS 86.750(1).

Each of the notices so mailed was certified to be a true copy of the original Amended Trustee's Notice of Sale by an authorized representative of the trustee named in said notice; each such copy was contained in a sealed envelope, with postage thereon fully prepaid, and was deposited by me in the United States post office at Seattle, WASHINGTON, on ___6/18/2013___, which was within 30 days after release from a stay of the foreclosure proceeding set forth therein.

As used herein, the singular includes the plural, trustee includes successor trustee, and person includes corporation and any other legal or commercial entity.

_Scott Mulliner_

SUBSCRIBED AND SWORN TO before me on ___6-18-2013___

_Marilee Hakkinen_
NOTARY PUBLIC for WASHINGTON
My commission expires: 11-6-15

OR_AmendedMailing Aff

**NOTICE TO BORROWER:** YOU SHOULD BE AWARE THAT THE UNDERSIGNED IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

## AMENDED TRUSTEE'S NOTICE OF SALE
*(after release from stay)*
Trustee's Sale No. 09-FAA-127334



Reference is made to that certain Deed of Trust made by, HA TO HA, as grantor, to LINDSAY HARTE LAW OFFICE, as Trustee, in favor of AAMES FUNDING CORPORATION DBA AAMES HOME LOANS, as beneficiary, dated 4/18/2005, recorded 4/27/2005, under Instrument No. 2005-074270, records of MULTNOMAH County, OREGON. The beneficial interest under said Trust Deed and the obligations secured thereby are presently held by DEUTSCHE BANK NATIONAL TRUST COMPANY in its capacity as indenture trustee for the Noteholders of AAMES MORTGAGE INVESTMENT TRUST 2005-2, a Delaware statutory trust.. Said Trust Deed encumbers the following described real property situated in said county and state, to-wit:

THE EAST 10.52 FEET OF LOT 5, AND ALL OF LOTS 6, 7 AND 8, BLOCK 5, SUNRISE PARK, IN THE CITY OF PORTLAND, COUNTY OF MULTNOMAH AND STATE OF OREGON.

The street address or other common designation, if any, of the real property described above is purported to be:
8230 SOUTHEAST YAMHILL STREET
PORTLAND, OR 97216

The undersigned Trustee disclaims any liability for any incorrectness of the above street address or other common designation.

Both the beneficiary and the trustee have elected to sell the said real property to satisfy the obligations secured by said trust deed and a notice of default has been recorded pursuant to Oregon Revised Statutes 86.735(3); the default for which the foreclosure is made is grantor's failure to pay when due, the following sums:

```
                                                    Amount due as of
                                                    June 18, 2013
                                                    ----------------
Delinquent Payments from February 01, 2011
2 payments at $ 1,881.84 each                       $     3,763.68
9 payments at $ 1,928.09 each                       $    17,352.81
12 payments at $ 1,876.25 each                      $    22,515.00
6 payments at $ 1,887.24 each                       $    11,323.44
     (02-01-11 through 06-18-13)
Late Charges:                                       $     2,570.18
BENEFICIARY ADVANCES
   FEES RECEIVABLE                                  $    13,975.30
Suspense Credit:                                    $         0.00
                                                    ================
TOTAL:                                              $    71,500.41
```

ALSO, if you have failed to pay taxes on the property, provide insurance on the property or pay other senior liens or encumbrances as required in the note and deed of trust, the beneficiary may insist that you do so in order to reinstate your account in good standing. The beneficiary may require as a condition to reinstatement that you provide reliable written evidence that you have paid all senior liens or encumbrances, property taxes, and hazard insurance premiums. These requirements for reinstatement should be confirmed by contacting the undersigned Trustee.

By reason of said default, the beneficiary has declared all sums owing on the obligation secured by said trust deed immediately due and payable, said sums being the following:

UNPAID PRINCIPAL BALANCE OF $195,058.93, PLUS interest thereon at 8.5% per annum from 01/01/11, until paid, together with escrow advances, foreclosure costs, trustee fees, attorney fees, sums required for the protection of the property and additional sums secured by the Deed of Trust.

The Notice of Default and original Notice of Sale given pursuant thereto stated that the property would be sold on April 26, 2013, at the hour of 11:00 AM, in accord with the standard of time established by ORS 187.110, at FRONT ENTRANCE OF THE MULTNOMAH COUNTY COURTHOUSE, 1021 S.W. 4TH AVENUE, PORTLAND, County of MULTNOMAH, State of OREGON; however, subsequent to the recording of said Notice of Default, the original sale proceedings were stayed by order of the court or by proceedings under the National Bankruptcy Act or for other lawful reason. The beneficiary did not participate in obtaining such stay. Said stay was terminated on 5/21/2013.

WHEREFORE, notice hereby is given that the undersigned trustee, will on July 16, 2013, at the hour of 11:00 AM, in accord with the standard of time established by ORS 187.110, at FRONT ENTRANCE OF THE MULTNOMAH COUNTY COURTHOUSE, 1021 S.W. 4TH AVENUE, PORTLAND, County of MULTNOMAH, State of OREGON, (which is the new date, time and place set for sale) sell at public auction to the highest bidder for cash, the interest in the said described property which the grantor had, or had the power to convey, at the time of the execution by him of the said trust deed, together with any interest which the grantor or his successors in interest acquired after the execution of said trust deed, to satisfy the foregoing obligations thereby secured and the costs and expenses of sale, including a reasonable charge by the trustee.

Notice is further given that any person named in ORS 86.753 has the right, at any time prior to five days before the date last set for the sale, to have this foreclosure proceeding dismissed and the trust deed reinstated by payment to the beneficiary of the entire amount then due (other than such portion of the principal as would not then be due had no default occurred) and by curing any other default complained of herein that is capable of being cured by tendering the performance required under the obligation or trust deed, and in addition to paying said sums or tendering the performance necessary to cure the default, by paying all costs and expenses actually incurred in enforcing the obligation and trust deed, together with trustee's and attorney's fees not exceeding the amounts provided by said ORS 86.753.

In construing this notice, the masculine gender includes the feminine and the neuter, the singular includes the plural, the word "grantor" includes any successor in interest to the grantor as well as any other person owing an obligation, the performance of which is secured by said trust deed, and the words "trustee" and "beneficiary" include their respective successors in interest, if any.

Anyone having any objection to the sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the same.

**NOTICE TO RESIDENTIAL TENANTS:**

The property in which you are living is in foreclosure. A foreclosure sale is scheduled for July 16, 2013. Unless the lender who is foreclosing on this property is paid, the foreclosure will go through and someone new will own this property.

The following information applies to you only if you occupy and rent this property as a residential dwelling under a legitimate rental agreement. The information does not apply to you if you own this property or if you are not a residential tenant.

If the foreclosure goes through, the business or individual who buys this property at the foreclosure sale has the right to require you to move out. The buyer must first give you an eviction notice in writing that specifies the date by which you must move out. The buyer may not give you this notice until after the foreclosure sale happens. If you do not leave before the move-out date, the buyer can have the sheriff remove you from the property after a court hearing. You will receive notice of the court hearing.

FEDERAL LAW REQUIRES YOU TO BE NOTIFIED IF YOU ARE OCCUPYING AND RENTING THIS PROERTY AS A RESIDENTIAL DWELLING UNDER A LEGITIMATE RENTAL AGREEMENT, FEDERAL LAW REQUIRES THE BUYER TO GIVE YOU NOTICE IN WRITING A CERTAIN NUMBER OF DAYS BEFORE THE BUYER CAN REQUIRE YOU TO

MOVE OUT. THE FEDERAL LAW THAT REQUIRES THE BUYER TO GIVE YOU THIS NOTICE IS EFFECTIVE UNTIL DECEMBER 31, 2012. Under federal law, the buyer must give you at least 90 days notice in writing before requiring you to move out. If you are renting this property under a fixed-term lease (for example, a six-month or one-year lease), you may stay until the end of your lease term. If the buyer wants to move in and use this property as the buyer's primary residence, the buyer can give you written notice and require you to move out after 90 days, even if you have a fixed-term lease with more than 90 days left.

STATE LAW NOTIFICATION REQUIREMENTS: IF THE FEDERAL LAW DOES NOT APPLY, STATE LAW STILL REQUIRES THE BUYER TO GIVE YOU NOTICE IN WRITING BEFORE REQUIRING YOU TO MOVE OUT IF YOU ARE OCCUPYING AND RENTING THE PROPERTY AS A TENANT IN GOOD FAITH. EVEN IF THE FEDERAL LAW REQUIREMENT IS NO LONGER EFFECTIVE AFTER DECEMBER 31, 2012, THE REQUIREMENT UNDER STATE LAW STILL APPLIES TO YOUR SITUATION. Under state law, if you have a fixed-term lease (for example, a six-month or one-year lease), the buyer must give you at least 60 days notice in writing before requiring you to move out. If the buyer wants to move in and use this property as the buyer's primary residence, the buyer can give you written notice and require you to move out after 30 days, even if you have a fixed-term lease with more than 30 days left.

If you are renting under a month-to-month or week-to-week rental agreement, the buyer must give you at least 30 days notice in writing before requiring you to move out.

IMPORTANT: For the buyer to be required to give you notice under state law, you must prove to the business or individual who is handling the foreclosure sale that you are occupying and renting this property as a residential dwelling under a legitimate rental agreement. The name and address of the business or individual who is handling the foreclosure sale is shown on this notice under the heading "TRUSTEE". You must mail or deliver your proof not later than 6/14/2013 (30 days before the date first set for the foreclosure sale). Your proof must be in writing and should be a copy of your rental agreement or lease. If you do not have a written rental agreement or lease, you can provide other proof, such as receipts for rent you paid.

## ABOUT YOUR SECURITY DEPOSIT

Under state law, you may apply your security deposit and any rent you paid in advance against the current rent you owe your landlord. To do this, you must notify your landlord in writing that you want to subtract the amount of your security deposit or prepaid rent from you rent payment. You may do this only for the rent you owe you current landlord. If you do this, you must do so before the foreclosure sale. The business or individual who buys this property at the foreclosure sale is not responsible to you for any deposit or prepaid rent you paid to your landlord.

## ABOUT YOUR TENANCY AFTER THE FORECLOSURE SALE

The business or individual who buys this property at the foreclosure sale may be willing to allow you to stay as a tenant instead of requiring you to move out. You should contact the buyer to discuss that possibility if you would like to stay. Under state law, if the buyer accepts rent from you, signs a new residential rental agreement with you or does not notify you in writing within 30 days after the date of the foreclosure sale that you must move out, the buyer becomes your new landlord and must maintain the property. Otherwise, the buyer is not your landlord and is not responsible for maintaining the property on your behalf and you must move out by the date the buyer specifies in a notice to you.

YOU SHOULD CONTINUE TO PAY RENT TO YOUR LANDLORD UNTIL THE PROPERTY IS SOLD TO ANOTHER BUSINESS OR INDIVIDUAL OR UNTIL A COURT OR A LENDER TELLS YOU OTHERWISE. IF YOU DO NOT PAY RENT, YOU CAN BE EVICTED. AS EXPLAINED ABOVE, YOU MAY BE ABLE TO APPLY A DEPOSIT YOU MADE OR PREPAID RENT YOU PAID AGAINST YOUR CURRENT RENT OBLIGATION. BE SURE TO KEEP PROOF OF ANY PAYMENTS YOU MAKE AND OF ANY NOTICE YOU GIVE OR RECEIVE CONCERNING THE APPLICATION OF YOUR DEPOSIT OR YOUR PREPAID RENT.

IT IS UNLAWFUL FOR ANY PERSON TO TRY TO FORCE YOU TO LEAVE YOUR HOME WITHOUT FIRST GOING TO COURT TO EVICT YOU. FOR MORE INFORMATION ABOUT YOUR RIGHTS, YOU MAY WISH TO CONSULT A LAWYER. If you believe you need legal assistance, contact the Oregon State Bar at 800-452-7636 and ask for lawyer referral service. Contact information for the Oregon State Bar is included with this notice. If you do not have enough money to pay a lawyer and are otherwise eligible, you may be able to receive legal assistance for free. Information about whom to contact for free legal assistance may be obtained through Safenet at 800-SAFENET.

DATED: 6/18/2013

REGIONAL TRUSTEE SERVICES CORPORATION
Trustee

By _____
TIMOTHY FIRMAN, AUTHORIZED AGENT
616 1st Avenue, Suite 500, Seattle, WA 98104
Phone: (206) 340-2550
Sale Information: http://www.rtrustee.com

STATE OF WASHINGTON    }
                       } ss.
COUNTY OF KING         }

I certify that I am an authorized representative of trustee, and the foregoing is a complete and exact copy of the original trustee's notice of sale.

_____
Authorized Representative of Trustee

The Honorable Elizabeth L. Perris

Lisa McMahon-Myhran
Robinson Tait, P.S.
710 Second Avenue, Suite 710
Seattle WA  98104
(206) 676-9640

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON
AT PORTLAND

| | |
|---|---|
| In Re: | BANKRUPTCY NO. 13-32107-elp7 |
| JESSICA P SAM and<br>HA TO HA | CHAPTER NO.  7 |
| | PROOF OF SERVICE |
| Debtors. | |

Janin Hendry, under penalty of perjury under the laws of the United States, declares as follows:

1. That I am a citizen of the United States, over the age of 21 years, and competent to be a witness herein.

2. That on July 12, 2013, I transmitted electronically and/or by depositing in the United States mail, postage prepaid (as indicated herein), copies of the:
OPPOSITION TO AFFIDAVIT OF PLAINTIFFS FOR ISSUANCE OF AN EMERGENCY TRO AND PERMANENT INJUNCTION BARRING SALE
addressed as follows:

Jessica P Sam
Ha To Ha
8230 SE Yamhill St
Portland, OR 97216

and to:

    KENNETH S. EILER                      Kenneth.eiler@psinet.com

PROOF OF SERVICE - 1
60300-0230-BK-2\OR Proof of Service

*Law Offices*
R O B I N S O N  T A I T ,  P . S .
710 Second Avenue, Suite 710
Seattle WA  98104
(206) 676-9640

U.S. Trustee                                   USTPRegion18.PL.ECF@usdoj.gov

Dated July 12, 2013.

                                /s/ *Janin Hendry*
                                Janin Hendry

PROOF OF SERVICE - 2
60300-0230-BK-2\OR Proof of Service

*Law Offices*
ROBINSON TAIT, P.S.
710 Second Avenue, Suite 710
Seattle WA 98104
(206) 676-9640