Case # 13-32107-elp7

## SECOND AFFIDAVIT OF THE PLAINTIFFS

US BANKRUPTCY COURT
DISTRICT OF OREGON

2013 JUL 15 AM 11: 20

LODGED____REC'D____

## IN RESPOND TO DEFENDANT DEUTSCHE BANK OPPOSITON FOR ISSUANCE OF AN EMERGENCY TEMPORARY RESTRAINING ORDER
AND IMPOSITION OF PERMANENT INJUCTIVE RELIEF BARRING THE SALE
OF THE REAL PROPERTY BY DEFENDANTS

NOW COMES the Affiants and Plaintiffs, Jessica P. Sam and Ha To Ha both natural persons residing in Multnomah County, Oregon, who are over 21 years of age, and declare as follows, under penalty of perjury.

We hereby swear to the following as being true to the best of our knowledge.

Plaintiff Jessica P Sam and Ha To Ha have lived at the real property at 8230 SE Yamhill Street Portland, Oregon 97216 for the past twenty two years with our two children as our primary residence.

The following defendants, Deutsche Bank, Residential Credit Servicer and Regional Trustee Services Corporation are third party debt collectors that the plaintiffs have never had any legal obligations to, or contracts to honor with, and yet they are misrepresenting themselves as persons entitled to enforce the Note as defined by the Oregon Uniform Commercial Code and attempting to foreclosure on our home.

Plaintiffs have stated all allegations of the defendants in the adversary complaint named "Complaint to Verify the Validity of Debt" filed with the Bankruptcy Court on July 10th, 2013 and would like to incorporate them here.

Pursuant to **ORS 86.755 (2)** *The trustee or the attorney for the trustee, or an agent that the trustee or the attorney conducting the sale designates, may postpone the sale for one or more periods that total not more than 180 days from the original sale date, giving notice of each adjournment by public proclamation made at the time and place set for sale. The trustee, the attorney or an agent that the trustee or the attorney designates may make the proclamation.*

Defendant Regional Trustee Services Corporation has violated Oregon Statutes **ORS 86.755 (2)** for not holding the trustee sale date within the 180 days as specified by statute.

If the upcoming sale of our home is allowed to occur this will result in a wrongful foreclosure.

The trustee sale is scheduled for July 16th, 2013.

The timeline is as follows:

- On June 23, 2010 a Notice of Default and Election to Sell (NOD) was recorded in the Multnomah County Official Records, No. 2010-077499.
- On June 21, 2011 a **Notice of Default and Election to Sell ("Second NOD")** was recorded in the Multnomah County Official Records, **No. 2011-070262**. **Exhibit A**
- The June 21, 2011 Second NOD is the "operative" Notice of Default since no further Notice of Default has been recorded by any Defendant.
- The "original" sale date based on this operative Notice of Default was October 27, 2011.
- The date of October 27, 2011 plus the statute allowed 180 days is April 24, 2012.
- Plaintiff Ha filed for Chapter 13 bankruptcy protection on January 5, 2012, Oregon Case No. 12-30053-tmb13 to seek protection from wrongful foreclosure as outlined in the previously filed Adversary Complaint.
- Including the 147 days in the Chapter 13 bankruptcy (from January 5, 2012 – May 31, 2012), the latest date a sale could be held under the operative Notice of Default was on or about September 18, 2012.
- The next in line Trustee's <u>Notice of Sale only without the Notice of Default</u> is dated August 7, 2012. **Exhibit B**
- The Trustee's Notice of Sale sets a sales date of December 10, 2012; well past the cutoff date which is on or about September 18, 2012.
- Pursuant to **ORS 86.755 (12)** (a) *Notwithstanding subsection (2) of this section, except when a beneficiary has participated in obtaining a stay, foreclosure proceedings that are stayed by order of the court, by proceedings in bankruptcy or for any other lawful reason shall, after release from the stay, continue as if uninterrupted, if within 30 days after release the trustee sends amended notice of sale by registered or certified mail to the last-known address of the persons listed in ORS 86.740 (Notice of sale to be given to certain persons) and 86.750 (Service and publication of notice) (1).*
- The Trustee's Notice of Sale dated August 7, 2012 was received well beyond the 30 days afforded by statute upon the dismissal of the bankruptcy and release from stay which occurred May 31, 2012.
- Because of the non compliance of the 30 day rule the controlling statute of this matter by default would be ORS 86.755(2) *and not* ORS 86.755(12).
- The Trustee's Notice of Sale dated August 7, 2012 set an invalid sales date beyond the reach of ORS 86.755(2) and/or was not timely filed (mailed) pursuant to ORS 86.755 (12).
- Because of the non compliance of the trustee of ORS 86.755(2) and ORS 86.755(12) The Amended Notice of Trustee's Sale(s) dated March 29, 2013 and June 18, 2013, and the (OPPOSITION TO AFFIDAVIT OF PLAINTIFFS FOR ISSUANCE OF AN EMERGENCY TRO AND PERMANENT INJUNCTION BARRING SALE WITH Exhibit A) would be void.
- Because the trustee failed to address the non compliance herein Plaintiff Ha filed for Chapter 13 bankruptcy Protection on December 6, 2012, Oregon Case No. 12-38965-rld13 to seek protection from wrongful foreclosure.
- Because the trustee failed to address the non compliance herein Plaintiffs Jessica P. Sam and Ha To Ha filed for Chapter 7 bankruptcy protection on April 8, 2013, Oregon Case No. 13-32107-elp7, the case under which this Adversary Complaint is filed.

- The **OPERATIVE SECOND NOTICE of DEFAULT, official recorded No. 2011-070262. Exhibit A,** must be declared void and ineffective due to the timing of the 180-day rule alone, by failing to comply with ORS 86.755(2).
- The Trustee's Notice of Sale must be declared invalid.
- Plaintiffs request a declaration from the Court that Defendants have violated provisions of ORS 86.755, and are further barred from bringing any foreclosure action.

Plaintiffs have clearly demonstrated that immediate and irreparable injury, loss and damage will result if the July 16th, 2013 sale is not imposed upon before the adverse party can be heard in opposition pursuant to **Rule 65 F.R.Civ.P.(b)** as there is not sufficient time to notice the parties before the sale date.

Plaintiffs have sent many correspondences requesting defendants to rescind wrongful foreclosure actions without prevail which have caused plaintiffs to file 3 bankruptcies seeking protection against defendants while attempting to determine who is the party entitled to enforce the Note.

In demonstrating immediate and irreparable injury, loss and damage pursuant to **Rule 65 F.R.Civ.P.(b),** plaintiffs and their children will lose their primary residence if the honorable court does not grant injunctive relief and intervene on the invalid July 16th 2013, trustee sale.

## NOTARY'S VERIFICATION

Multnomah County, Portland, Oregon

On the 15th day of July, 2013, before me,

Marie J. Petrasy, a Notary
Name, Title of Officer of Notary Public

_____, Notary signature, Seal

OFFICIAL SEAL
MARIE J PETRASY
NOTARY PUBLIC - OREGON
COMMISSION NO. 452910
MY COMMISSION EXPIRES OCTOBER 14, 2014

On this day personally came before me the above-named Affiant, who proved his identity to me to my satisfaction, and he acknowledged his signature on this Affidavit in my presence and stated that he did so with full understanding that he was subject to the penalties of perjury.

## AFFIRMATION

I hereby affirm that I prepared and have read this Affidavit and that I believe the foregoing statements in this affidavit to be true. I hereby further affirm that the basis of these beliefs is my own direct knowledge of the events described herein.

July 12, 2013

Jessica P. Sam

Ha To Ha
8230 SE Yamhill Street
Portland, Oregon 97216
(503) 961-5506
Jessicasam555@msn.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2013, we mailed a true and correct copy of the above and foregoing motion to the parties listed below.

_____
Jessica P. Sam

_____
Ha To Ha

Lawyer for Deutsche Bank
Robinson &Tait
710 Second Avenue
Suite 710
Seattle, WA 98104

Kenneth S. Eiler
515 NW Saltzman Rd, PMB 810
Portland, OR 97229

Regional Trustee Services Corp.
616 1st Ave #500
Seattle, WA 98104-2258

Residential Credit Solutions Inc
P O BOX 163349
Ft Worth, TX 76161-3349

# Exhibit A

RECORDING REQUESTED BY

WHEN RECORDED MAIL TO

REGIONAL TRUSTEE SERVICES CORPORATION
616 1st Avenue, Suite 500
Seattle, WA 98104

Trustee's Sale No:   09-FAA-110341

Multnomah County Official Records
R Weldon, Deputy Clerk

**2011-070262**


0084774920110070262030032

$46.00

06/21/2011 03:49:25 PM

1R-DEF NOTC2
$15.00 $11.00 $15.00 $5.00

Cnt=1 Stn=28 ATMWB



# NOTICE OF DEFAULT AND ELECTION TO SELL
Pursuant to O.R.S. 86.705 et seq. and O.R.S. 79.5010, et seq.

Reference is made to that certain Deed of Trust made by, HA TO HA, as grantor, to LINDSAY HARTE LAW OFFICE, as Trustee, in favor of AAMES FUNDING CORPORATION DBA AAMES HOME LOAN, as beneficiary, dated 4/18/2005, recorded 4/27/2005, under Instrument No. 2005-074270, records of MULTNOMAH County, covering the following described real property situated in MULTNOMAH County, OREGON, to-wit:

THE EAST 10.52 FEET OF LOT 5, AND ALL OF LOTS 6, 7 AND 8, BLOCK 5, SUNRISE PARK, IN THE CITY OF PORTLAND, COUNTY OF MULTNOMAH AND STATE OF OREGON.

The undersigned Trustee, REGIONAL TRUSTEE SERVICES CORPORATION, hereby certifies that no assignments of the trust deed by the trustee or by the beneficiary and no appointments of a successor-trustee have been made except as recorded in the mortgage records of the county or counties in which the above described real property is situate; further, that no action has been instituted to recover the debt, or any part thereof, now remaining secured by the said trust deed, or, if such action has been instituted, such action has been dismissed except as permitted by ORS 86.735(4).

There is a default by the grantor or other person owing an obligation, the performance of which is secured by said trust deed, or by the successor in interest, with respect to provisions therein which authorize sale in the event of default of such provision; the default for which foreclosure is made is grantor's failure to pay when due, the following sums:

|   | Amount due as of June 20, 2011 |
|---|---|
| Delinquent Payments from February 01, 2011 | |
| 2 payments at $ 1,881.84 each | $   3,763.68 |
| 3 payments at $ 1,928.09 each (02-01-11 through 06-20-11) | $   5,784.27 |
| Late Charges: | $   2,015.22 |
| Beneficiary Advances: | $   2,555.91 |
| Suspense Credit: | $       0.00 |
| TOTAL: | $  14,119.08 |

By reason of said default, the beneficiary has declared all sums owing on the obligation secured by said trust deed immediately due and payable, said sums being the following:

UNPAID PRINCIPAL BALANCE OF $195,058.93, PLUS interest thereon at 8.5% per annum from 01/01/11 to 4/1/2011, 8.5% per annum from 4/1/2011, until paid, together with escrow advances, foreclosure costs, trustee fees, attorney fees, sums required for the protection of the property and additional sums secured by the Deed of Trust.

Page 1                                              OR_NOD

3

Notice hereby is given that the beneficiary and current trustee, REGIONAL TRUSTEE SERVICES CORPORATION, by reason of said default, have elected and do hereby elect to foreclose said trust deed by advertisement and sale pursuant to ORS 86.705 to 86.795, and to cause to be sold at public auction to the highest bidder for cash the interest in the said described property which the grantor had, or had the power to convey, at the time of the execution by him of the trust deed, together with any interest the grantor or his successors in interest acquired after the execution of the trust deed, to satisfy the obligations secured by said trust deed and the expenses of the sale, including the compensations of the trustee as provided by law, and the reasonable fees of trustee's attorneys.

Said sale will be held at the hour of 11:00 AM, in accord with the standard of time established by ORS 187.110 on October 27, 2011, at the following place: FRONT ENTRANCE OF THE MULTNOMAH COUNTY COURTHOUSE, 1021 S.W. 4TH AVENUE, PORTLAND, County of MULTNOMAH, State of OREGON, which is the hour, date and place last set for said sale.

Other than as shown of record, neither the said beneficiary nor the said trustee has any actual notice of any person having or claiming to have any lien upon or interest in the real property hereinabove described subsequent to the interest of the trustee in the trust deed, or of any successor in interest to the grantor or of any lessee or other person in possession of or occupying the property, except:

NONE

Notice is further given that any person named in ORS 86.753 has the right, at any time prior to five days before the date last set for the sale, to have this foreclosure proceeding dismissed and the trust deed reinstated by payment to the beneficiary of the entire amount then due (other than such portion of the principal as would not then be due had no default occurred) and by curing any other default complained of herein that is capable of being cured by tendering the performance required under the obligation or trust deed, and in addition to paying said sums or tendering the performance necessary to cure the default, by paying all costs and expenses actually incurred in enforcing the obligation and trust deed, together with trustee's and attorney's fees not exceeding the amounts provide by said ORS 86.753.

In construing this notice, the masculine gender includes the feminine and the neuter, the singular includes the plural, the word "grantor" includes any successor in interest to the grantor as well as any other person owing an obligation, the performance of which is secured by said trust deed, and the words "trustee" and "beneficiary" include their respective successors in interest, if any.

DATED: 6/20/2011

REGIONAL TRUSTEE SERVICES CORPORATION
Trustee

By _____
KAREN JAMES, AUTHORIZED AGENT
Sale Information: http://www.rtrustee.com

STATE OF WASHINGTON  }
                     } ss.
COUNTY OF KING       }

On 6/20/2011, before me, the undersigned, a Notary Public in and for the State of Washington, duly commissioned and sworn, personally appeared KAREN JAMES, to me known to be the AUTHORIZED AGENT of the corporation that executed the foregoing instrument and acknowledged the said instrument to be the free and voluntary act of and deed of said corporation, for the uses and purposes therein mentioned, and on oath stated that he/she is authorized to execute the said instrument.

Witness my hand and seal the day and year first above written.

_Dorris Y. Lontrong_

Notary Public residing at _Seattle_

Printed Name: _Dorris G. Lontrong_
My Commission Expires: _07/09/2014_



# Exhibit B

**NOTICE TO BORROWER:** YOU SHOULD BE AWARE THAT THE UNDERSIGNED IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

## TRUSTEE'S NOTICE OF SALE
*Pursuant to O.R.S. 86.705 et seq. and O.R.S. 79.5010, et seq.*
Trustee's Sale No. 09-FAA-120980

Reference is made to that certain Deed of Trust made by, HA TO HA, as grantor, to LINDSAY HARTE LAW OFFICE, as Trustee, in favor of AAMES FUNDING CORPORATION DBA AAMES HOME LOANS, as beneficiary, dated 4/18/2005, recorded 4/27/2005, under Instrument No. 2005-074270, records of MULTNOMAH County, OREGON. The beneficial interest under said Trust Deed and the obligations secured thereby are presently held by DEUTSCHE BANK NATIONAL TRUST COMPANY in its capacity as indenture trustee for the Noteholders of AAMES MORTGAGE INVESTMENT TRUST 2005-2, a Delaware statutory trust.. Said Trust Deed encumbers the following described real property situated in said county and state, to-wit:

THE EAST 10.52 FEET OF LOT 5 AND ALL OF LOTS 6,7 AND 8, BLOCK 5 SUNRISE PARK, IN THE CITY OF PORTLAND, COUNTY OF MULTNOMAH AND STATE OF OREGON.

The street address or other common designation, if any, of the real property described above is purported to be:
8230 SOUTHEAST YAMHILL STREET
PORTLAND, OR 97216

The undersigned Trustee disclaims any liability for any incorrectness of the above street address or other common designation.

Both the beneficiary and the trustee have elected to sell the said real property to satisfy the obligations secured by said trust deed and a notice of default has been recorded pursuant to Oregon Revised Statutes 86.735(3); the default for which the foreclosure is made is grantor's failure to pay when due, the following sums:

|  | Amount due as of August 7, 2012 |
|---|---|
| Delinquent Payments from February 01, 2011 | |
| 2 payments at $ 1,881.84 each | $ 3,763.68 |
| 9 payments at $ 1,928.09 each | $ 17,352.81 |
| 8 payments at $ 1,876.25 each (02-01-11 through 08-07-12) | $ 15,010.00 |
| Late Charges: | $ 0.00 |
| Beneficiary Advances: | $ 9,175.58 |
| Suspense Credit: | $ 0.00 |
| TOTAL: | $ 45,302.07 |

ALSO, if you have failed to pay taxes on the property, provide insurance on the property or pay other senior liens or encumbrances as required in the note and deed of trust, the beneficiary may insist that you do so in order to reinstate your account in good standing. The beneficiary may require as a condition to reinstatement that you provide reliable written evidence that you have paid all senior liens or encumbrances, property taxes, and hazard insurance premiums. These requirements for reinstatement should be confirmed by contacting the undersigned Trustee.

By reason of said default, the beneficiary has declared all sums owing on the obligation secured by said trust deed immediately due and payable, said sums being the following:

UNPAID PRINCIPAL BALANCE OF $195,058.93, PLUS interest thereon at 8.5% per annum from 01/01/11 to 4/1/2011, 8.5% per annum from 04/01/11 to 01/01/12, 8.5% per annum from 1/1/2012, until paid, together with escrow advances, foreclosure costs, trustee fees, attorney fees, sums required for the protection of the property and additional sums secured by the Deed of Trust.

WHEREFORE, notice hereby is given that the undersigned trustee, will on December 10, 2012, at the hour of 11:00 AM, in accord with the standard of time established by ORS 187.110, at FRONT ENTRANCE OF THE MULTNOMAH COUNTY COURTHOUSE, 1021 S.W. 4TH AVENUE, PORTLAND, County of MULTNOMAH, State of OREGON, sell at public auction to the highest bidder for cash, the interest in the said described property which the grantor had, or had the power to convey, at the time of the execution by him of the said trust deed, together with any interest which the grantor or his successors in interest acquired after the execution of said trust deed, to satisfy the foregoing obligations thereby secured and the costs and expenses of sale, including a reasonable charge by the trustee.

Notice is further given that any person named in ORS 86.753 has the right, at any time prior to five days before the date last set for the sale, to have this foreclosure proceeding dismissed and the trust deed reinstated by payment to the beneficiary of the entire amount then due (other than such portion of the principal as would not then be due had no default occurred) and by curing any other default complained of herein that is capable of being cured by tendering the performance required under the obligation or trust deed, and in addition to paying said sums or tendering the performance necessary to cure the default, by paying all costs and expenses actually incurred in enforcing the obligation and trust deed, together with trustee's and attorney's fees not exceeding the amounts provided by said ORS 86.753.

In construing this notice, the masculine gender includes the feminine and the neuter, the singular includes the plural, the word "grantor" includes any successor in interest to the grantor as well as any other person owing an obligation, the performance of which is secured by said trust deed, and the words "trustee" and "beneficiary" include their respective successors in interest, if any.

Anyone having any objection to the sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the same.

### NOTICE TO RESIDENTIAL TENANTS:

The property in which you are living is in foreclosure. A foreclosure sale is scheduled for December 10, 2012. Unless the lender who is foreclosing on this property is paid, the foreclosure will go through and someone new will own this property.

The following information applies to you only if you occupy and rent this property as a residential dwelling under a legitimate rental agreement. The information does not apply to you if you own this property or if you are not a residential tenant.

If the foreclosure goes through, the business or individual who buys this property at the foreclosure sale has the right to require you to move out. The buyer must first give you an eviction notice in writing that specifies the date by which you must move out. The buyer may not give you this notice until after the

foreclosure sale happens. If you do not leave before the move-out date, the buyer can have the sheriff remove you from the property after a court hearing. You will receive notice of the court hearing.

FEDERAL LAW REQUIRES YOU TO BE NOTIFIED IF YOU ARE OCCUPYING AND RENTING THIS PROPERTY AS A RESIDENTIAL DWELLING UNDER A LEGITIMATE RENTAL AGREEMENT, FEDERAL LAW REQUIRES THE BUYER TO GIVE YOU NOTICE IN WRITING A CERTAIN NUMBER OF DAYS BEFORE THE BUYER CAN REQUIRE YOU TO MOVE OUT. THE FEDERAL LAW THAT REQUIRES THE BUYER TO GIVE YOU THIS NOTICE IS EFFECTIVE UNTIL DECEMBER 31, 2012. Under federal law, the buyer must give you at least 90 days notice in writing before requiring you to move out. If you are renting this property under a fixed-term lease (for example, a six-month or one-year lease), you may stay until the end of your lease term. If the buyer wants to move in and use this property as the buyer's primary residence, the buyer can give you written notice and require you to move out after 90 days, even if you have a fixed-term lease with more than 90 days left.

STATE LAW NOTIFICATION REQUIREMENTS: IF THE FEDERAL LAW DOES NOT APPLY, STATE LAW STILL REQUIRES THE BUYER TO GIVE YOU NOTICE IN WRITING BEFORE REQUIRING YOU TO MOVE OUT IF YOU ARE OCCUPYING AND RENTING THE PROPERTY AS A TENANT IN GOOD FAITH. EVEN IF THE FEDERAL LAW REQUIREMENT IS NO LONGER EFFECTIVE AFTER DECEMBER 31, 2012, THE REQUIREMENT UNDER STATE LAW STILL APPLIES TO YOUR SITUATION. Under state law, if you have a fixed-term lease (for example, a six-month or one-year lease), the buyer must give you at least 60 days notice in writing before requiring you to move out. If the buyer wants to move in and use this property as the buyer's primary residence, the buyer can give you written notice and require you to move out after 30 days, even if you have a fixed-term lease with more than 30 days left.

If you are renting under a month-to-month or week-to-week rental agreement, the buyer must give you at least 30 days notice in writing before requiring you to move out.

IMPORTANT: For the buyer to be required to give you notice under state law, you must prove to the business or individual who is handling the foreclosure sale that you are occupying and renting this property as a residential dwelling under a legitimate rental agreement. The name and address of the business or individual who is handling the foreclosure sale is shown on this notice under the heading "TRUSTEE". You must mail or deliver your proof not later than 11/9/2012 (30 days before the date first set for the foreclosure sale). Your proof must be in writing and should be a copy of your rental agreement or lease. If you do not have a written rental agreement or lease, you can provide other proof, such as receipts for rent you paid.

## ABOUT YOUR SECURITY DEPOSIT

Under state law, you may apply your security deposit and any rent you paid in advance against the current rent you owe your landlord. To do this, you must notify your landlord in writing that you want to subtract the amount of your security deposit or prepaid rent from you rent payment. You may do this only for the rent you owe you current landlord. If you do this, you must do so before the foreclosure sale. The business or individual who buys this property at the foreclosure sale is not responsible to you for any deposit or prepaid rent you paid to your landlord.

## ABOUT YOUR TENANCY AFTER THE FORECLOSURE SALE

The business or individual who buys this property at the foreclosure sale may be willing to allow you to stay as a tenant instead of requiring you to move out. You should contact the buyer to discuss that possibility if you would like to stay. Under state law, if the buyer accepts rent from you, signs a new residential rental agreement with you or does not notify you in writing within 30 days after the date of the foreclosure sale that you must move out, the buyer becomes your new landlord and must maintain the property. Otherwise, the buyer is not your landlord and is not responsible for maintaining the property on your behalf and you must move out by the date the buyer specifies in a notice to you.

YOU SHOULD CONTINUE TO PAY RENT TO YOUR LANDLORD UNTIL THE PROPERTY IS SOLD TO ANOTHER BUSINESS OR INDIVIDUAL OR UNTIL A COURT OR A LENDER TELLS YOU OTHERWISE. IF YOU DO NOT PAY RENT, YOU CAN BE EVICTED. AS EXPLAINED ABOVE, YOU MAY BE ABLE TO APPLY A DEPOSIT YOU MADE OR PREPAID RENT YOU PAID AGAINST YOUR CURRENT RENT OBLIGATION. BE SURE TO KEEP PROOF OF ANY PAYMENTS YOU MAKE AND OF ANY NOTICE YOU GIVE OR RECEIVE CONCERNING THE APPLICATION OF YOUR DEPOSIT OR YOUR PREPAID RENT.

IT IS UNLAWFUL FOR ANY PERSON TO TRY TO FORCE YOU TO LEAVE YOUR HOME WITHOUT FIRST GOING TO COURT TO EVICT YOU. FOR MORE INFORMATION ABOUT YOUR RIGHTS, YOU MAY WISH TO CONSULT A LAWYER. If you believe you need legal assistance, contact the Oregon State Bar at 800-452-7636 and ask for lawyer referral service. Contact information for the Oregon State Bar is included with this notice. If you do not have enough money to pay a lawyer and are otherwise eligible, you may be able to receive legal assistance for free. Information about whom to contact for free legal assistance may be obtained through Safenet at 800-SAFENET.

DATED: 8/7/2012

REGIONAL TRUSTEE SERVICES CORPORATION
Trustee

By _____
ANGELIQUE CONNELL, AUTHORIZED AGENT
616 1st Avenue, Suite 500, Seattle, WA 98104
Phone: (206) 340-2550
Sale Information: http://www.rtrustee.com

STATE OF WASHINGTON  }
                     } ss.
COUNTY OF KING       }

I certify that I am an authorized representative of trustee, and the foregoing is a complete and exact copy of the original trustee's notice of sale.

_____
Authorized Representative of Trustee